IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

UNITED STATES OF AMERICA

v.                                                                                  No. 1:23-cr-00150-MPM-DAS

ANTOINE GRIFFIN

**ORDER**

This matter comes before the Court on Petitioner Antoine Griffin's *pro se* Motion for Sentence Reduction pursuant to Amendment 821 to the United States Sentencing Guidelines [82]. The Government opposes the motion [83]. The Court has reviewed the record and the applicable law and is prepared to rule.

**I.    RELEVANT BACKGROUND**

In December 2023, Mr. Griffin was charged with a multi-count indictment. Count One charged Mr. Griffin and a co-defendant with conspiracy to commit wire fraud; Counts 2 through 8 charged him with aiding and abetting specific instances of wire fraud; and Counts 10 and 11 with aiding and abetting interstate transportation of stolen property. *See* [1]. Mr. Griffin pled guilty to Count One, conspiracy to commit wire fraud.

The Presentence Investigation Report reflects a total offense level of 18 and a criminal history category of I based on a lack of prior criminal convictions. *See* [78]. As a result, his sentencing guideline range was 27 to 33 months' imprisonment. *Id.* On November 21, 2024, the Court sentenced Mr. Griffin to 33 months' imprisonment. The Bureau of Prisons currently lists his projected release date as September 3, 2027. *See* https://www.bop.gov/inmateloc. Mr. Griffin has filed the instant *pro se* motion seeking a two-level offense reduction pursuant to Amendment 821

based on his lack of prior criminal convictions and alleging he was a first-time offender and did not commit a serious crime.

## II. DISCUSSION

First, the Court notes that Mr. Griffin was sentenced on November 21, 2024, after Amendment 821 was already in effect. See, e.g., *United States v. Elizondo*, 2025 WL 830442, at *1 (5th Cir. Mar. 17, 2025) (noting that the 2023 United States Sentencing Guideline Amendments, which included Amendment 821, became effective on November 1, 2023). Thus, the 2023 Sentencing Guidelines Manual, which incorporated Amendment 821, was utilized by the probation officer in the preparation of his Presentence Investigation Report to determine his applicable guideline. *See* [77]. Consequently, the instant motion is inherently flawed. But even if Mr. Griffin had been sentenced prior to Amendment 821's effective date, the Amendment has no bearing on him.

In Part A to Amendment 821, the Sentencing Commission altered the "status points" provision of the Guidelines, lowering the number of "status points" that apply in certain circumstances. *See* U.S.S.G. § 4A1.1(e). Under the new provision, a person who has seven criminal history points or more now receives one "status point" (compared to two) and a person who has six criminal history points or less no longer receives any status points. *Id.* Part A of the Amendment is not applicable to Mr. Griffin because he did not receive "status points" and therefore would not be eligible for a reduction under Part A of Amendment 821.

Next, Part B of Amendment 821 created Guideline Section 4C1.1, authorizes a sentencing reduction for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. To qualify, a defendant must satisfy all of the requirements set out in the One requirement is that the defendant must not have received an aggravating-role adjustment under § 3B1.1. The Fifth Circuit explained in *United States v. Morales*, 122 F.4th 590, 593 (5th Cir. 2024), that either receiving a § 3B1.1 adjustment

2

or engaging in a continuing criminal enterprise is sufficient to make a defendant ineligible under § 4C1.1. Mr. Griffin was a "zero point" offender, but he received a two-level enhancement under U.S.S.G. § 3B1.1(c) for acting as a leader, organizer, manager or supervisor of the criminal activity. *See* [77] at 8. That aggravating-role adjustment independently disqualifies him under § 4C1.1, and he is therefore not eligible for a reduction under Part B of Amendment 821.

Lastly, even assuming Mr. Griffin could establish eligibility, the Court must still consider the applicable 18 U.S.C. § 3553(a) factors and determine whether a reduction is warranted under the circumstances. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Those factors— including the nature and circumstances of the offense, Mr. Griffin's history and characteristics, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public— do not support a reduction. The original sentence remains appropriate, as requiring Mr. Griffin to serve the remainder of his term continues to provide just punishment and adequate deterrence. He has not shown extraordinary and compelling reasons for a reduction, and the § 3553(a) factors weigh against granting relief.

### III. CONCLUSION

For the reasons stated above,

IT IS, THEREFORE, ORDERED that Petitioner Antoine Griffin's *pro se* Motion for Sentence Reduction [82] is DENIED.

SO ORDERED this 7th day of January, 2026.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI